United States District Court
Southern District of Texas
FILED

APR 0 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THELMA OLIVAREZ | § § | |
| VS. | § | CIVIL ACTION NO. B-04-063 |
| | § § | |
| TIME WARNER CABLE, INC., AND BOB CHERRY | § § | |

## NOTICE OF REMOVAL

Defendants TIME WARNER CABLE, INC. ("Time Warner") and BOB CHERRY ("Cherry") (hereinafter jointly called "Defendants") file this notice of removal. As grounds for removal, Defendants state the following:

1. Defendants are all the defendants in a civil action pending in the 138th District Court of the State of Texas, County of Dallas, entitled " Thelma Olivarez vs. Time Warner Cable, Inc. and Bob Cherry," Cause No. 2004-03-1359-B. A true and correct copy of all process, pleadings, and the orders served upon Defendants in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a), and attached hereto as Exhibit "A".

2. This action was commenced on March 8, 2004. Time Warner, one of the defendants, first received the citation and petition on March 12, 2004. Bob Cherry, the other Defendant, first received the citation and petition on March 11, 2004. Therefore, this notice of removal is timely filed under 28 U.S.C. § 1446(b) within 30 days of receipt of the initial pleading setting forth the claim for relief.

3. This action was commenced against Defendants in the state court by Plaintiff, and is of a civil nature. This case is brought by Plaintiff for alleged discrimination in employment because of her national origin and/or gender and retaliation in regard to such claim among other claims. The Plaintiff filed her complaint with the U.S. Equal Employment Commission (EEOC) under Title VII of the Civil Rights Act 42 U.SC § 2000e et seq. as is shown by the charge of Discrimination attached hereto as Exhibit "B" and the Notice of Charge of Discrimination which is attached hereto as Exhibit "C". Plaintiff received a Dismissal and Notice of Rights from the EEOC, a copy of which is Exhibit "D" hereto. The sole investigation and handling of the Plaintiff's complaint was done by the EEOC pursuant to Title VII of the Civil Rights Act. Plaintiff also received a Notice of Right to File a Civil Action from the Texas Commission on Human Rights which referred solely to the EEOC complaint since no complaint was made to and no other action was taken by the state agency. The United States District Court for the Southern District of Texas has reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States that, as appears from the complaint and the exhibits attached hereto, the Plaintiff bases her claim for relief against the Defendants by virtue of and under the federal statutes and acts of Congress.

4. Under 28 V.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

5. Defendants, the removing parties, will promptly give adverse party written notice of the filing of this Notice of Removal as required by 28 U.S.C. § I 446(d). Defendants will promptly file a copy of this Notice of Removal with the Clerk of the 138th District Court of the State of Texas, Cameron County, where the action is currently pending, also pursuant to 28 U.S.C. § I 446(d).

WHEREFORE, Time Warner and Bob Cherry, the defendants in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled "Thelma Olivarez vs. Time Warner Cable, Inc. and Bob Cherry," Cause No. 2004-03-1359-B, from the 138th District Court of the State of Texas Cameron County, on this 8th day of April, 2004.

                    Respectfully submitted,

                    Michael R. Ezell
                    **LAW OFFICE OF MICHAEL R. EZELL**
                    312 E. Van Buren
                    P.O. Box 2878
                    Harlingen, Texas 78551
                    Telephone: (956) 425-2000
                    Facsimile:  (956) 421-4258

                    _____
                    Michael R. Ezell
                    State Bar No. 06764200
                    Federal ID No. 2250
                    ***ATTORNEY FOR THE DEFENDANT***

MAR-24-2004 WED 10:00 AM TIME WARNER CABLE LEGAL    FAX NO. 303 ─ 05 4415    P. 05

FILED 3:30 O'CLOCK P.M.
AURORA DE LA GARZA DIST. CLERK
MAR 08 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. 2004-03-1359-B

| | | |
|---|---|---|
| THELMA OLIVAREZ | * | THE 138th DISTRICT COURT |
| VS. | * | OF |
| TIME WARNER CABLE, INC., AND BOB CHERRY | * | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **THELMA OLIVAREZ**, hereinafter referred to as Plaintiff complaining of **TIME WARNER CABLE, INC., AND BOB CHERRY** hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court as follows:

I.

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

II.
### PARTIES

Plaintiff; **THELMA OLIVAREZ**, is a resident of La Feria, Cameron County, Texas.

Defendant, **TIME WARNER CABLE, INC.**, is a foreign corporation duly licensed to do business in Texas and can be served with process through C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant, **BOB CHERRY** is an individual residing in Cameron County, Texas and can be served with process at his place of employment located at 822 W. Jackson Street, Harlingen, Texas 78550.

Service of Citation is requested via; **Certified Mail, Return Receipt Requested.**

Venue is proper in Cameron County, Texas in that the incidents that form the basis of this cause of action occurred in Cameron County.

Exhibit "A"

## III.
## FACTUAL ALLEGATIONS

Plaintiff Thelma Olivarez, a female of Hispanic descent worked as a regular full time supervisor for defendant company. During her tenure with the company, Ms. Olivarez performed her duties with loyalty, dedication and hard work. As a result of her hard work, plaintiff received outstanding evaluations and pay raises consistent with her good work.

On or about October 9, 2002, plaintiff's work environment changed dramatically when she was physically and verbally assaulted by her supervisor, defendant Bob Cherry. On that date, defendant Cherry became agitated and threw a chair at plaintiff. He also threatened the plaintiff using expletives to express his agitation.

Ms. Olivarez feared for her safety and reported the incident to the La Feria Police Department. She also initiated an internal complaint when she reported it to The Human Resources Department. The Human Resources department conducted an investigation that stated they did not focus on the fact a chair was thrown at plaintiff but rather on why the incident happened. The report concluded it was a one time incident that in their mind the parties could continue to work together and that plaintiff should return with no concern for her safety. Plaintiff was dissatisfied with the response from management and hired a lawyer to assist her in her efforts to protect her rights.

Shortly after plaintiff reported the incident, the company hired an Anglo male to perform what amounted to the work being done by plaintiff. A few weeks after this, plaintiff was terminated from the company and told it was on account of lack of work. This was obviously pretextual because there was still plenty of work for plaintiff to perform. Moreover, she was not afforded the opportunity to transfer to another work site and there has been other position opened but none have been offered to Ms. Olivares.

## IV.
## ADMINISTRATIVE PROCEDURES

Within 180 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Texas Commission on Human Rights, alleging that the defendants had committed an unlawful employment practice against the plaintiff in violation of the Texas commission on Human Rights Act. Plaintiff received from the Texas Commission on Human Rights, Plaintiff's Right to File Civil Action letter allowing her to file a lawsuit within sixty days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS COMMISSION ON HUMAN RIGHTS NATIONAL ORIGIN DISCRIMINATION

Plaintiff, **Thelma Olivarez**, was at the time she was terminated a female of Hispanic descent. As such, she falls within a protected class under Section 21.001 et

seq., better known as the Texas Commission on Human Rights Act.

The defendants, are employers with at least 15 employees, and subject to coverage under the Act. The conduct of the defendants complained of constituted unlawful discrimination on the basis of plaintiff's national origin.

In addition, defendants, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. The defendants, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the discriminatory conduct. As a result of defendant's unlawful conduct plaintiff has suffered the damages listed below.

## VI.
## RETALIATION

Plaintiff asserts a cause of action against defendant **TIME WARNER, INC.**, for Retaliation in violation of Section 21.055 of the Texas Commission on Human Rights Act which reads as follows:

§21.055 Retaliation

An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

- opposes a discriminatory practice;
- makes or files a charge;
- files a complaint; or
- testifies, assists, or participates in any manner in an investigation, proceeding or hearing.

Plaintiff asserts that she was wrongfully and illegally retaliated against following her complaint of discrimination and discriminatory practices. As such she falls within the protection of the statute noted above and sues defendant for its violation.

## VII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs assert that defendants' actions, in the nature of extreme and outrageous conduct, was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendants' action caused plaintiff mental as well as physical pain. As a result of defendants' actions, plaintiff has suffered damages in amounts which exceed the minimum jurisdictional requirements of this Court. Plaintiff sues the defendant as a result of such actions.

## VIII.
## ASSAULT

Plaintiff sues defendants for the wrongful and offensive acts committed against her person. On such occasions, defendants intentionally and knowingly committed acts that placed plaintiff in apprehension of imminent physical contact, when defendants knew or should have reasonably believed that such contact would be offensive to the plaintiff. Plaintiff sues defendants for the tort of assault.

## IX.
## ACTUAL DAMAGES

As a result of the incidents described above, that is made the basis of this suit, plaintiff has incurred damages in the following respects:

### Lost Earnings and Diminished Earning Capacity

At the time of the incident complained of, plaintiff was gainfully employed. As a proximate result of the wrongful acts of the defendants, plaintiff was unable to attend to her occupation and thereby suffered a loss of income, loss of retirement and medical plans, fringe benefits and other valuable job rights for which she hereby sues.

Plaintiff's loss of earnings will in all reasonable probability continue long into the future, if not for the balance of plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that made the basis of this suit, plaintiff has suffered bodily injury and physical as well as mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish as well as bodily injury for a long time into the future, if not for the balance of her natural life.

### Attorneys Fees

By reason of the allegations of this petition and the Texas Commission on Human Rights Act, plaintiff is entitled to recover attorneys fees in a sum that are reasonable and necessary. In this connection, plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Plaintiff further seeks attorney, expert and litigation fees and expenses as permitted by the Texas Commission on Human Rights Act.

## X.
## EXEMPLARY DAMAGES

The conduct of the defendants and their agents, set out above, were carried out willfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the plaintiff. The plaintiff will further show that the conduct of the defendant was a pattern and practice of discriminatory conduct towards individuals similarly situated. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the defendants and defendants' management in the future. In this connection, plaintiff will show that his treatment by the Defendants caused her suffering of immeasurable dimensions. Accordingly, plaintiff requests that exemplary damages be awarded against the defendants and the defendants' corporations, in an amount which exceeds the minimum jurisdictional requirements of this Court.

Plaintiff requests a trial by a jury of her peers.

**WHEREFORE PREMISES CONSIDERED**, plaintiff prays that this Honorable Court grant the following:

a).  Judgment against defendants, both jointly and severally, for plaintiff's damages;
b).  Punitive Damages;
c).  Prejudgment interest as allowed by law;
d).  Attorney, expert and litigation fees and expenses;
e).  Interest on said judgment at the legal rate from date of judgment;
f).  For costs of suit herein; and
g).  Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas 78521
(956) 550-1115   Telephone
(956) 550-1134   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

MAR-24-2004 WED 09:59 AM TIME WARNER CABLE LEGAL    FAX NO. 303 405 4415        P. 03

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2004-03-001359-B

T H E   S T A T E   O F   T E X A S        **COPY**

   NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. you or your attorney do not file a written answer with the clerk who issued t citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may taken against you.

TO: TIME WARNER CABLE, INC.
    SERVING REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 N. ST.PAUL STREET
    DALLAS, TEXAS 75201

the ____DEFENDANT____, GREETING:

   You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of county in Brownsville, Texas. Said ____PETITION____ was filed on MARCH 08, 2004. A copy of same accompanies this citation.

The file number of said suit being No. 2004-03-001359-B.

The style of the case is:

            THELMA OLIVAREZ
                 vs.
       TIME WARNER CABLE, INC. AND BOB CHERRY

Said petition was filed in said court by _____MIGUEL SALINAS_____
(Attorney for       PLAINTIFF       ), whose address is
803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521

   The nature of the demand is fully shown by a true and correct copy of t Petition accompanying this citation and made a part hereof.

   The officer executing this writ shall promptly serve the same according requirements of law, and the mandates thereof, and make due return as the la directs.

   Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _9th_ day of __MARCH__, A.D. 2004.



                    ____AURORA DE LA GARZA____, DISTRICT CL
                    Cameron County, Texas
                    974 E. Harrison St.
                    Brownsville, Texas 78521

MAR-24-2004 WED 09:59 AM TIME WARNER CABLE LEGAL       FAX NO. 303 405 4415                P. 04

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation. |
| Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. |
| NAME OF PREPARER          TITLE |
| ADDRESS |
| CITY          STATE          ZIP |

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __9th__ of __MARCH   2004__, I mailed to __TIME WARNER CABLE, INC.__ by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __612838__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: __Reynoldo Lopez Jr.__, Deputy



\CH RETURN RECEIPTS WITH           CERTIFICATE OF DELIVERY OF MAIL

\rsonal Service  - BY CERTIFIED MAIL     Lit. Seq. # <u>5.003.01</u>

No. <u>2004-03-001359-B</u>

**COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>BOB CHERRY</u>
<u>SERVING AT HIS PLACE OF</u>
<u>EMPLOYMENT</u>
<u>822 W. JACKSON STREET</u>
<u>HARLINGEN, TEXAS 78550</u>

the _____<u>DEFENDANT</u>_____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>138th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____<u>PETITION</u>_____ was filed on <u>MARCH 08, 2004</u>. A copy of same accompanies this citation.

The file number of said suit being No. <u>2004-03-001359-B</u>.

THELMA OLIVAREZ
VS.
TIME WARNER CABLE, INC. AND BOB CHERRY

Said petition was filed in said court by _____ MIGUEL SALINAS _____
(Attorney for _____ PLAINTIFF _____), whose address is
803 OLD PORT ISABEL ROAD BROWNSVILLE, TX. 78521

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  9th  day of  MARCH , A.D. 2004.

                                      AURORA DE LA GARZA  , DISTRICT CLERK
                                      Cameron County, Texas
                                      974 E. Harrison St.
                                      Brownsville, Texas 78521
                                      BY:  *Reynaldo Lopez Jr.*  , Deputy



Cameron County District Courts
974 E. Harrison
Brownsville, Texas 78520

Aurora De La Garza / District Clerk

CERTIFIED MAIL

7003 1010 0003 6961 2821

$4.65 U.S. POSTAGE
PB METER 7134542
BROWNSVILLE TX MAR 10'04

BOB CHERRY
SERVING AT HIS PLACE OF EMPLOYMENT
822 W. JACKSON STREET
HARLINGEN, TEXAS 78550

78550+6034 53

## CAUSE NO. 2004-03-1359-B

| | | |
|---|---|---|
| **THELMA OLIVAREZ** | § | IN THE 138TH DISTRICT COURT |
| | § | |
| **VS.** | § | OF |
| | § | |
| **TIME WARNER CABLE, INC.** | § | |
| **AND BOB CHERRY** | § | CAMERON COUNTY, TEXAS |

### DEFENDANTS', TIME WARNER CABLE, INC. AND BOB CHERRY, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT

**COMES NOW,** TIME WARNER CABLE and BOB CHERRY, hereinafter called ("Defendants") in response to Plaintiff's, Thelma Olivarez, Original Petition, and for such Answer would show the Court as follows:

1.

Defendants, TIME WARNER CABLE and BOB CHERRY, deny each and every material allegation of Plaintiff's, Thelma Olivarez, Original Petition and demands strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED,** TIME WARNER CABLE and BOB CHERRY, pray that Plaintiff take nothing by her Plaintiff's Original Petition and that she have judgment for the cost of Court and such other and further relief, general or special, law or equity, as it may show itself justly entitled to receive.

Respectfully submitted,

Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551

Telephone: (956) 425-2000
Facsimile: (956) 421-4258

By: _____
MICHAEL R. EZELL
State Bar No.: 06764200

**Attorney for Defendants, Time Warner Cable and BOB CHERRY**

### CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of March 2004, a true and correct copy of the foregoing was sent via Certified Mail, Return Receipt Requested to Mr. Miguel Salinas, **LAW OFFICE OF MIGUEL SALINAS**, 803 Old Port Isabel Rd., Brownsville, TX 78521.

_____
MICHAEL R. EZELL

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>360-2003-01291 |
|---|---|---|

Texas Commission On Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>**Ms. Thelma Olivarez** | Home Phone No. (Incl Area Code)<br>**(956) 797-3811** | Date of Birth<br>**07-29-1961** |
|---|---|---|
| Street Address<br>**300 W. 8th St., Box 9612,** | City, State and ZIP Code<br>**La Feria, TX 78559** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**TIME WARNER CABLE** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(956) 797-9494** |
|---|---|---|
| Street Address<br>**301 E Exp 83** | City, State and ZIP Code<br>**La Feria, TX 78559** | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☒ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: **12-15-2002**   Latest: **12-15-2002**<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about December 31, 2002, I was laid off.

On or about October 9, 2002, my male supervisor threw a chair at me. I filed a complaint with Human Resources at the corporate office and the La Feria Police Department.

On or about December 1, 2002, a Anglo male was brought in to over-see projects. After I was laid off, this Anglo male was hired for my position.

An Anglo female with performance issues was allowed to transfer from ~~Cleveland~~ Dayton, TL OH to La Feria, TX for retraining. Other supervisors have been offered other positions with the company when a project is completed. No effort was made to find other positions for me within the company.

I believe I have been discriminated against because of my sex, female, my national origin, Hispanic, and in retaliation for participating in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

NOTARY — NARCISO VELA
My Commission Expires 10-25-2006

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

5/28/03 / Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
5/28/03

Exhibit "B"

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | |
|---|---|
| Kathy Sapio<br>H R Mgr., Construction Div<br>**TIME WARNER CABLE**<br>160 Inverness Drive<br>2 North<br>Englewood, CO 80112 | **PERSON FILING CHARGE**<br>**Thelma Olivarez**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>360-2003-01291 |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act        [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **07-JUL-03** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **19-JUN-03** to **Sylvia Deleon, ADR Coordinator, at (210) 281-2507**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Rodney Klein, CRTI Supv**
EEOC Representative
Telephone: **(210) 281-7621**

**San Antonio District Office**
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jun 04, 2003 | Pedro Esquivel, Director | |

Exhibit "C"

United States District Court
Southern District of Texas
FILED

APR 0 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THELMA OLIVAREZ | § § | **B-04-063** |
| VS. | § | CIVIL ACTION NO._____ |
| | § | |
| TIME WARNER CABLE, INC., AND BOB CHERRY | § § § | |

## CERTIFICATE OF NOTICE

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

The undersigned attorney of record for Time Warner Cable, Inc., and Bob Cherry, certifies that on April _8_, 2004, a copy of the Notice of Removal of this action was filed with the clerk of the 138th District Court of Texas, Cameron County, and that written notice of filing of the Notice of Removal was delivered to the party named above as plaintiff in this action or to her attorney of record. Attached to the notices were copies of the Notice of Removal. Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1446. Respectfully submitted,

Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
Telephone: (956) 425-2000
Facsimile: (956) 421-4258

_____
Michael R. Ezell
State Bar No. 06764200
Federal ID No. 2250

## ATTORNEY FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served by certified mail on all counsel of record this 8 day of April, 2004.

NOTICE OF REMOVAL TO FEDERAL COURT

**Mailed Via CM-RRR #7003 0500 0002 3726 7000**

To:  Miguel Salinas
 *Law Office of Miguel Salinas*
 803 Old Port Isabel Road
 Brownsville, Texas 78521
 (956) 550-1115 Telephone
 (956) 550-1134 Telefax

Michael R. Ezell