UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THELMA OLIVAREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.B-04-063 |
| | § | |
| TIME WARNER CABLE, INC., AND | § | |
| BOB CHERRY | § | |

## SECOND AMENDED ANSWER OF DEFENDANTS
## TIME WARNER CABLE, INC. AND BOB CHERRY

**TO THE HONORABLE JUDGE:**

NOW COMES, TIME WARNER CABLE, INC. and BOB CHERRY, (hereinafter called "Defendants") and file this their First Amended Answer to Plaintiff's Original Petition and for such answer would show the court as follows:

1. Defendants cannot admit or deny the allegations of paragraph I of the Plaintiff's Original Petition because the same is a procedural claim with respect to State Court discovery.

2. The allegations of Paragraph II are admitted as to Defendants Time Warner Cable, Inc., being a foreign corporation, and Bob Cherry, being an individual, and that the incidents which give rise to this case occurred in Cameron County, Texas to the extent these Defendants hereinafter admit that the such incidents occurred. As to the remainder of the allegations of paragraph II, these Defendants are without knowledge or information sufficient to admit or deny such allegations and therefore, the same are denied.

3. These Defendants deny the allegations of paragraph III, except that these Defendants admit that Plaintiff was a full time employee of Time Warner Cable, Inc. as a supervisor and that the Human Resources department of Time Warner Cable, Inc. did investigate the Plaintiff's complaint.

4. These Defendants admit that Plaintiff filed a charge of discrimination with the Equal Opportunity Commission on Mary 28, 2003, which on its face contained allegations of discrimination based on retaliation, sex, and natural origin and claiming a violation of Title VII of the Civil Rights Act of 1964 as amended. The remainder of the allegations of paragraph IV of Plaintiff's Original Petition and all allegations of the charge of discrimination are specifically denied. It is also specifically denied that all conditions precedent to bringing this lawsuit have been performed.

5. Defendant Bob Cherry denies that he has at least fifteen (15) employees. Defendant Time Warner Cable, Inc. admits that it has at least fifteen (15) employees. Defendants admit that Thelma Olivarez is a female and otherwise deny the allegations of paragraph V of Plaintiff's Original Petition.

6. Defendants deny the allegations of paragraph VI of Plaintiff's Original Petition.

7. Defendants deny the allegations of paragraph VI of Plaintiff's Original Petition.

8. Defendants deny the allegations of paragraph VI of Plaintiff's Original Petition.

9. Defendants deny the allegations of paragraph VI of Plaintiff's Original

Petition.

10. Defendants deny the allegations of paragraph VI of Plaintiff's Original Petition.

11. As to the Prayer contained in the last unnumbered paragraph of Plaintiff's Original Petition, to the extent the same is necessary, these Defendants deny that Plaintiff is entitled to any of the relief requested therein.

### Affirmative Defenses

12. Defendant Bob Cherry denies that he was an employer of Plaintiff.

13. Defendants assert that Plaintiff was an employee at will of Time Warner Cable, Inc.

14. Defendants allege that Plaintiff has failed to mitigate her damages.

15. Defendants allege that Plaintiff was employed to work on a project, which project was completed and that Plaintiff did not otherwise seek another position with Defendant Time Warner Cable, Inc. at the time before or after of the termination of that project.

16. Defendants assert and invoke the limitations on recovery of damages contained in federal and state law applicable to the claims made by Plaintiff including but not limited to those limitations contained in VII of the Civil Rights Act of 1964 and under the Texas Labor Code §21.2585.

17. Defendants, Time Warner and Bob Cherry deny that any assault occurred. Defendant Time Warner denies that it can be liable for the acts of Defendant Bob Cherry because the acts alleged by Plaintiff, if they occurred, were not

in the course and scope of Defendant Bob Cherry's employment as an employee of Defendant Time Warner and there was no ratification of any such conduct by Defendant Time Warner. There was no bodily contact with and no bodily injury to Plaintiff in the course of the incidents alleged by Plaintiff and there was no threat of bodily injury to Plaintiff.

18. Defendants invoke the limitations on the amount of requirements for establishment of exemplary damages set out in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendants further move for a bifurcated trial on the subject of exemplary damages.

WHEREFORE PREMISES CONSIDERED, Defendants pray that upon trial hereof, Plaintiff be denied all relief requested by Plaintiff and that Defendants recover their costs of court and have general relief.

Respectfully submitted,

Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P.O. Box 2878
Harlingen, Texas 78551
Telephone: (956) 425-2000
Facsimile: (956) 421-4258

Michael R. Ezell
State Bar No. 06764200
Fed. ID 2250

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was on this the 29th day of July 2004, sent via the indicated methods to:

**Mailed Via CM-RRR #7003 0500 0002 3726 8670**

To:	Miguel Salinas
	*Law Office of Miguel Salinas*
	803 Old Port Isabel Road
	Brownsville, Texas 78521
	(956) 550-1115 Telephone
	(956) 550-1134 Telefax

Michael R. Ezell