United States District Court
Southern District of Texas
FILED

OCT 13 2004

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THELMA OLIVAREZ | § | |
| | § | |
| vs. | § | C. A. NO. B04-063 |
| | § | (636(c)) |
| | § | |
| TIME WARNER CABLE, INC. AND BOB CHERRY | | |

### DEFENDANTS', TIME WARNER CABLE, INC. and BOB CHERRY, MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, TIME WARNER CABLE, INC. and BOB CHERRY, hereinafter Defendants and file this their Motion for Partial Judgment on the Pleadings and as for such motion, would show the Court as follows:

**1.**

This motion is brought pursuant to Rule 12c and 12b(6) of the Federal Rules of Civil Procedure. Defendants assert that Plaintiff cannot, as a matter of law, maintain or a cause of action for intentional infliction of emotional distress and that Plaintiff fails to state a claim on which relief can be granted in regard to that cause of action.

**2.**

The factual allegations of Plaintiff are that Defendant Bob Cherry was verbally abusive and threw a chair at Plaintiff and that thereafter Plaintiff was terminated and a male employee hired in her place. See, Plaintiff's Original Petition, paragraph III. These facts are disputed by Defendants, but even if such facts were all true, a cause of action for

intentional infliction of emotional distress is not available to Plaintiff.

**3.**

Plaintiff's has pled causes of action for assault and for retaliation and discrimination in employment in addition to her claim for intentional infliction of emotional distress.

**4.**

The Texas Supreme Court has recently held in *Hoffmann-La Roche Inc., aka "Roche" v. Joan Zeltwanger, aka Joan Gonzales, 2004 WL 1908322 (6)(Tex.)* that tort of intentional infliction of emotional distress has no application where the Defendant has claimed to have invaded some other legally protected interest even if emotional distress results. Therefore, where that gravamen of Plaintiff's complaint is really another tort, intentional infliction of emotion distress is not available. In *Zeltwanger*, supra, the Plaintiffs sought to avoid the statutory damage limits imposed by the employment discrimination statutes under which Plaintiff sued by claiming intentional infliction of emotional distress. The Texas Supreme Court found that this intentional infliction of emotional distress is a "gap-filler" tort and cannot be used to circumvent statutory limitations placed on recovery.

**5.**

In *Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985, S.W. 2d 62, 68 (Tex 1998), the Court held that "...a claim for intentional infliction of emotional distress cannot be maintained when the risk of emotional distress will result is merely incidental to the commission of some other tort." Here the allegations of assault are based on the same

conduct as that which is claimed by Plaintiff to support the claim for intentional infliction of emotional distress. The Plaintiff's employment claims are statutory and not subject to supplemental causes of action or remedies such as Plaintiff's claim for intentional infliction of emotional distress might provide. Therefore there is no need for or place in the law for this "gap-filler" tort in this case.

**WHEREFORE PREMISES CONSIDERED,** Defendants prays that the Court strike Plaintiff's pleadings as to intentional infliction of mental distress.

Respectfully submitted,

Michael R. Ezell
**LAW OFFICE OF MICHAEL R. EZELL**
312 E. Van Buren
P. O. Box 2878
Harlingen, Texas 78551
Telephone:  (956) 425-2000
Facsimile:   (956) 421-4258

By: _____
MICHAEL R. EZELL
State Bar No.: 06764200
Federal I.D. 2250
**Attorney for TIME WARNER CABLE, INC. and BOB CHERRY**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of October 2004, a true and correct copy of the foregoing was sent via facsimile and Certified Mail, Return Receipt Requested to Mr. Miguel Salinas, **LAW OFFICE OF MIGUEL SALINAS**, 803 Old Port Isabel Rd., Brownsville, TX 78521.

_____
MICHAEL R. EZELL